OPINION OF THE COURT
Morton I. Willen, J.
Plaintiff herein moves for an order vacating an income execution served on him pursuant to CPLR 5241. Plaintiff is a partner in a law firm, and was directed by order of this court to pay maintenance to defendant in the sum of $125 per week. After plaintiff’s "default” as said term is defined by CPLR 5241 (a) (7), the law firm of which plaintiff is a partner was served with an income execution commending said firm to deduct each week from the income the debtor is receiving or will receive, the total sum of $200, $125 of which shall be on account of current support, and $75 of which shall be applied to the reduction of arrears. Oddly enough, in moving to vacate the income execution, the debtor does not dispute the fact that he is in default, but, rather, claims that plaintiff is a partner and not an employee of said firm, and contends that partner *113 ship "draw” is not "income” as said term is defined in CPLR 5241 (á) (6). The court rejects plaintiff’s contention and denies his motion to vacate the income execution served on his firm.
CPLR 5241 (a) (6) defines "income” as any earned, unearned, taxable or nontaxable income, workers’ compensation, disability benefits, unemployment insurance benefits and Federal Social Security benefits as defined in 42 USC § 662 (f) (2), but excluding public assistance benefits paid pursuant to the Social Services Law and Federal Supplemental Security Income. CPLR 5241 (a) (5) (iii) includes under the definition of "income payor”, "any person, corporation, trustee, unincorporated business or association, partnership” (emphasis added) while CPLR 5241 (g) directs an employer or "income payor” served with an execution to commence deductions from income.
Partnership draw is nothing more than a form of compensation whereby partners, pursuant to an agreement, take money from a partnership drawing account on a periodic basis as salary or as a share of profits from the enterprise. Plaintiff offers no proof that his partnership agreement is any different. Accordingly, this motion is denied and the law firm of Gerst & Pullin, Esqs. is hereby directed to comply with the income execution served on it.